JAMES F. JOHNSON AND WIFE, Plaintiffs in Error, *v.* J. H. PETTIT AND WIFE, Defendants in Error.

The forfeiture of a particular estate to the reversioner, under section 76 of the tax law (2 S. & C. 1464), is but an inchoate right until decreed by a court of competent jurisdiction.

Where the statute, for waste by a life tenant, forfeits the life estate to the reversioner before judgment of forfeiture is ordered, equity will allow the life tenant to repair the waste and save the forfeiture.

The facts appear in the opinion of the court.

*Logan & Randall,* for plaintiffs in error.

*Long, Hoeffer & Kramer,* for defendants in error.

STORER, J.   The plaintiffs own the reversionary estate in real property, situated in Cincinnati; the defendants, in the right of Mrs. Pettit, claim a life interest therein as her dower.   It is sought by the plaintiffs to forfeit her dower estate, on the ground that the defendants have allowed the property to be sold for taxes, without the redemption thereof by the dowress, within the time prescribed by law.

The cause was heard at Special Term, when it was decided the plaintiffs could not recover; to this judgment, exception was taken, and we are now asked to reverse it for the error of the judge in finding for the defendant.

We find, by the record, that the following facts were admitted or proved on the trial below:

1. The defendants had leased their estate to a tenant who had agreed to pay the taxes out of the rent, but omitted to do so.

2. The property was sold in January, 1866, for the taxes of 1864 and 1865, to Joseph McDougall, and on the first day of July, 1869, these taxes were paid to him with interest and penalty by the tenant, out of the rents, and the

property was released from the lien they had created upon it.

This payment to McDougall was made while the present suit was pending, and before the case had been tried; and when it came to be heard, the court being satisfied .the reversionary interest could not be affected nor disturbed by the sale to McDougall, to which he no longer held any claim, gave judgment for the defendants.

We suppose the object of the statute, which gives the right to forfeit a life estate to the reversioner, was to save him from the difficulties and entanglements which necessarily follow a tax sale, as well as the penalties precedent to the redemption of the property; but where no such state of facts exists, and the incumbrance is removed, the mere occurrence of a sale by the auditor does not of itself effect the destruction of the estate.

Thus it is when the tenant has forfeited his term by non-payment of his rent, and the landlord has entered, the tenant may still be relieved on the payment of the landlord's claim with interest and costs. All else would not be indemnity to the landlord, but rather the punishment of the tenant for being in arrear.

The plaintiffs rely upon section 76 of the tax law of 1859 (2 S. & C. 1464), which gives the right to the reversioner to forfeit the life estate, whether held by curtesy or as dower, where the tenant neglects to pay the taxes for so long that the land shall be sold for their non-payment, unless the same is redeemed within one year from the time of sale. The reversioner may redeem the lands in the same manner as other lands may be redeemed in other cases of sale for taxes. This section is a more explicit statement of the liability imposed upon the tenant for life, than we find in section 15 of the act for the assignment of dower, 1 S. & C. 521, where it is declared if the dowress shall wantonly commit, or suffer waste in the lands assigned to her, she shall forfeit that part of the estate in

which such waste is committed to the reversioner in an action of waste.

Now, we can not construe either of these sections as creating a forfeiture *per se,* without the intervention of the proper tribunal to declare it. Like all other inchoate rights, it can only be enforced by an action and the judgment of a court competent to decide the question, and until such adjudication is had, especially in the present case, the defendant may redeem the land and thus discharge the reversioner's claim to a forfeiture. This is a cardinal principle in equity, and one of its chief heads where to save a forfeiture of the estate it will remunerate in damages.

If we should decide for the plaintiff, in the case before us, we should establish the principle that after a lien was discharged, and every cloud upon the reversion removed, the tenant might nevertheless be ousted from his estate for an omission of duty, which had already been satisfied by full and adequate remuneration.

On the whole case, we are satisfied the plaintiff can not now forfeit the life estate of the defendant. They now hold a perfect title as reversioners, freed from all liens for taxes, and unabridged by any act of the defendant.

Nor can we admit that the plaintiffs can recover damages by way of counsel fees. We have no power to order any such allowance.

Judgment affirmed